

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2009

# USA v. Warren

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4127

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Warren" (2009). *2009 Decisions.* Paper 1229.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1229

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4127
_____

UNITED STATES OF AMERICA

v.

DARRELL E. WARREN,

Appellant.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 06-cr-00350-2)
District Judge:  Honorable William W. Caldwell

_____

Submitted under Third Circuit LAR 34.1(a)
on February 6, 2009

Before:  RENDELL and ROTH, <u>Circuit Judges</u>
and HAYDEN*, <u>District Judge</u>

(Opinion filed: June 5, 2009)

_____

O P I N I O N

_____

*Honorable Katharine S. Hayden, United States District Judge for the District of
New Jersey, sitting by designation.

**ROTH**, Circuit Judge:

Darrell E. Warren pled guilty to violating 21 U.S.C. § 846 (conspiracy to distribute and possession with intent to distribute cocaine hydrochloride and 50 grams and more of cocaine base). Warren received a 168-month prison sentence, a $1,500 fine, a $100 special assessment, and a five-year period of supervised release. He timely appealed to this Court, and while the appeal was pending, he filed a petition for resentencing under 18 U.S.C. § 3582(c)(2) with the District Court. The District Court stayed the motion pending this appeal. We will affirm the judgment of conviction, and we will remand this case to the District Court to consider the merits of his § 3582(c)(2) motion.

In the appeal of his conviction, Warren suggests that his plea was not entered into knowingly, intelligently, and voluntarily because he thought he was pleading guilty to Count III of the original indictment rather than Count IV of the superseding indictment. This claim is untenable. It is clear from the transcript of the sentencing hearing that his plea was entered in accordance with the applicable constitutional requirements of *Boykin v. Alabama*, 395 U.S. 238 (1969), and the requirements of Federal Rule of Criminal Procedure 11(b).

Insofar as Warren claims that his appointed counsel coerced him into accepting the plea and that he was never shown the superseding indictment, this claim is not appropriately included in this appeal. To the extent that Warren may be alleging

2

ineffective assistance of counsel, that claim should be made in a petition for post-conviction relief.

In connection with his sentencing, Warren contends his criminal history points were calculated incorrectly in the pre-sentencing report. He asserts he was assigned three criminal history points each for two prior convictions that resulted in sentences that did not exceed one year and one month of imprisonment. *See* U.S.S.G. § 4A1.1(a). Although Warren is correct that the two prior sentences initially did not exceed one year and one month of imprisonment, they ultimately exceeded one year and one month of imprisonment because U.S.S.G. § 4A1.2(k) directs the original term of imprisonment to be added to any term of imprisonment imposed upon revocation of probation or parole, both of which occurred. As such, the sentences were greater than one year and one month.

Finally, Warren claims he is entitled to resentencing under § 3582(c)(2) because of the change in the Sentencing Guidelines to correct the previous disparity between crack and cocaine sentencing. This claim does have merit, as the government recognizes in its brief.

Accordingly, we will affirm Warren's judgment of conviction and we will remand this case to the District Court for consideration of his motion for resentencing under § 3582(c)(2).